IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JARRICK DENNISON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 14-783 |
| | ) | Judge Cathy Bissoon/ |
| | ) | Chief Magistrate Judge Maureen P. Kelly |
| SHARON BERRIER *Health Care Administrator at SCI-Fayette*; MICHAEL HERBIK *at SCI-Fayette*; MICHELLE HOWARD DIGGS *Physician Assistant at SCI-Fayette*; JOHN or JANE DOE *Nurse At SCI-Fayette*, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## **REPORT AND RECOMENDATION**

**I.  RECOMMENDATION**

It is respectfully recommended that the Complaint filed in the above-captioned case, ECF No. 3, be dismissed for failure to prosecute.

**II.  REPORT**

Plaintiff Jarrick Dennison ("Plaintiff"), an inmate at the State Correctional Institution at Fayette ("SCI Fayette"), has presented a civil rights complaint, which he has been granted leave to prosecute without prepayment of costs, alleging that Defendants Sharon Berrier, *Health care Administrator at SCI-Fayette*, Michael Herbik, *at SCI-Fayette*, Michelle Howard Diggs, *Physician Assistant at SCI-Fayette*, and Jane or John Doe, *Nurse at SCI-Fayette*, violated his constitutional rights by failing to provide him with adequate medical treatment after he injured his hand.

On November 6, 2014, Defendant Herbik filed a Motion to Dismiss, ECF No. 19, and on November 10, 2014, this Court issued an Order directing Plaintiff to respond to the Motion to Dismiss on or before December 10, 2014.  11/10/15 Text Order.  Similarly, on November 10,

2014, Defendant Berrier filed a Motion to Dismiss, ECF No. 21, and on November 12, 2014, this Court issued an Order directing Plaintiff to respond to Defendant Berrier's Motion to Dismiss on or before December 12, 2014.  11/12/14 Text Order.  Plaintiff failed to file a response to either Motion, and on January 9, 2015, this Court issued an Order to Show Cause why the case should not be dismissed for failure to prosecute, which was returnable on January 22, 2015.  1/9/2015 Text Order.  To date, Plaintiff has not only failed to respond to the Motions to Dismiss but has failed to respond to the Order to Show Cause and has not given the Court any other indication that he wishes to proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court.  Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).  In determining whether an action should be dismissed as a sanction against a party the court must consider six factors.  These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

> (1) The extent of the party's personal responsibility.
>
> (2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.
>
> (3) A history of dilatoriness.
>
> (4) Whether the conduct of the party or the attorney was willful or in bad faith.
>
> (5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.
>
> (6) The meritoriousness of the claim or defense.

Consideration of these factors suggests that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's orders so that the case could proceed which weigh heavily against him.  Plaintiff's failure to respond to the Court's orders was not only solely his personal responsibility but his failure to respond to two

Orders directing him to respond to the Motions to Dismiss filed by Defendants Herbik and Berrier coupled with his failure to respond to the Order to Show Cause appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's orders -- other than the expense of filing a motion seeking dismissal of the case incurred by Defendants Herbik and Berrier, there appears to be no specific prejudice to Defendants other than general delay. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against Plaintiff although review of the Motions to Dismiss filed by Defendants Herbik and Berrier suggest that Plaintiff has failed to state a claim at least as to them. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since Plaintiff filed this action without the payment of the required filing fee, it does not appear that monetary sanctions are appropriate. Moreover, Plaintiff's failure to comply with three Court orders, which has prevented this case from going forward, indicates that Plaintiff has no serious interest in pursuing this case. It therefore appears that dismissal is the most appropriate action for the Court to take. Mindek v. Rigatti, 964 F.2d at 1373. Accordingly, it is respectfully recommended that the Complaint filed in the above-captioned case be dismissed for failure to prosecute.

In accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(1)(B) & (C), and Local Rule 72D.2, Plaintiff is permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will constitute a waiver of any appellate rights. Siers v. Morrash, 700 F.3d 113, 116 (3d Cir. 1983). See Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011). Any party opposing objections

may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

        Respectfully submitted,

        /s/Maureen P. Kelly
        Chief United States Magistrate Judge

Dated: January 28, 2015

cc:    The Honorable Cathy Bissoon
      United States District Judge

      Jarrick Dennison
      JH-0657
      SCI Fayette
      P.O. Box 9999
      LaBelle, PA 15450-0999

      All counsel of record by electronic filing